# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**KEENAN ELLIOTT**                                                                                    **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 1:13CV-164-M**

**MISSE CAUSEY** *et al.*                                                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Keenan Elliott, proceeding *pro se*, *in forma pauperis* filed an action under

42 U.S.C. § 1983 (DN 1).  He subsequently amended the complaint (DN 12).  This matter is before

the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d

601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1]  For

the reasons set forth below, the Court will allow the official-capacity claim for monetary damages

alleging that Plaintiff's photos contained in a piece of incoming mail were destroyed pursuant to a

municipal policy or custom to proceed.  All other claims will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is currently incarcerated at the Luther Luckett Correctional Complex [LLCC].  The

allegations in his complaint, however, concern his detention while incarcerated in the Warren

County Regional Jail [WCRJ].  Plaintiff names five Defendants in this action.  He lists them as

follows:  1) Misse Causey, a Major at WCRJ; 2) John Sanders, a Correctional Officer at WCRJ;

3) Jackie Strode, Jailer at WCRJ; 4) William Baker, a Major at WCRJ; and 5) Pat Wyatt, an

employee of WCRJ.  Plaintiff states that he sues each Defendant in his or her official and individual

capacities.  As relief, Plaintiff seeks monetary and punitive damages.  He also requests as follows:

---

[1]By prior Order, the Court determined that initial review would be performed on the claims as set
forth in Plaintiff's original complaint (DN 1) and that the Court would consider the parties to be those
listed in Plaintiff's amended complaint (DN 12).

"And Have a better Search and procedure inforced/When it comes to Pictures Have Them put in your property Like other Jails, Let Inmates View the Pictures and Decide Which Ones They Want in their possession not the mail Room Decide what he Whants you To Have.  Have a Certain Time Set for Notary Service."  Further, Plaintiff requests that "A full investigaton Be done on the Mail Room."

In his complaint, Plaintiff states as follows:

[T]he Mail Room Staff listed goes tru our out Going mail, on one instant I've Had To Mail Federal Mail Home in another Envelope in order to get my law suit on the Jail Processed, this mail once Home Had been opened and parts of the Federal 1983 form was gone, this 1983 was on the Jail about my shoe incident . . . . the Mail Room Not only opens my Mail They've also Returned my my mail to New York on or about 10-10-12 Back to New York and other Important mail with out Me Viewing it or Signing the Income Mail Log.  Theyve destroyed pictures I Had Sent in with out Me viewing them.  Other Jails let us see our property W.C.R.J Throws our property away and not put in the Property Room with our belongings.  Upon Cell Searches this still ties in toe mail and the mail Room.  On Search the Guards are allowed to take our legal mail if its hand written also our pictures and Etc.  The Guards Have no documents in Hand describing what we are over the limit of so they take our mail and property and throw away.  I've also Encountered John Sanders in the Mail Room Notarizing my legal work and spilling coffee on my work and at that point He told me to rewrite it, and I asked for a grevience on 7-9-13 @ 1:30 John said I should be quiet before He puts me in the Hole. and then I said Ill Just Report it to a Capt.  He said so Misse already knows.  7-15-13 I Just went ahead and sent my Springfield legal work home.  Couldn't get it notarized This Hindered my due process.  My Mail is still At Home.  Even After Misse Had Told Me I didn't Have money on my books SHE claims that was stopping me Lillie Mason on 7/16 2013 put 5.00 on my Books To get this done.  Then Misse said She didn't Have Enough Staff to Run around for me on 8-30-13 and 7-17-13 @ 7A.  I've Also Witnessed and Heard from Federal inmate Robert Taylor That his Mail Had been opened going Home and their was some one Else's Hand Writting on His Mail Once His Family Received it.  On Search 8-4 2nd Shift My Cell Mates Pictures to be mailed out (it was Sealed up His Name is Kwame Herron Fed inmate.  His Mail was opened By C.O. Laura.  I'm not the only one that has been violated . . . .

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of

it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III. LEGAL ANALYSIS

## A. Individual-Capacity Claims

To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). A complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery Cnty. Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (stating "officials are personally liable for damages under [§ 1983] 'only for their own unconstitutional behavior'") (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

Plaintiff makes claims involving inspection of his outgoing mail, mail being returned without him seeing it, destruction of photos sent to him while at WCRJ, and cell searches in which legal documents were confiscated. He refers to "they," "mailroom," "mailroom staff," and "The Guards" as perpetrators of the alleged violations. Plaintiff connects none of the allegations to any of the named Defendants. Having failed to causally connect these allegations to any of the named Defendants, these claims must be dismissed.

Plaintiff does set forth two instances which he connects to two of the named Defendants in this case. Plaintiff alleges that Defendant Sanders spilled coffee on a document he notarized for Plaintiff and when Plaintiff complained about this, Defendant Sanders allegedly told Plaintiff to re-write the document. Plaintiff fails to state what constitutional or statutory right he alleges was violated by these actions of Defendant Sanders, nor is the Court aware of any such right. Plaintiff also sets forth allegations against Defendant Causey. As to Defendant Causey, Plaintiff alleges she informed him at some point that he had no money in his account. Further, he alleges that after money was sent to his account, Defendant Causey told him she did not have enough staff to run around for him. Again, Plaintiff fails to state what Constitutional or statutory right he alleges was violated by these actions, nor is the Court aware of any such right. Having failed to set forth a right secured by the Constitution or a federal statute which has been violated, Plaintiff fails to state a claim under § 1983.

Accordingly, the individual-capacity claims against all Defendants will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**B. Official-Capacity Claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting

*Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendants in their official capacities is the equivalent of suing their employer, Warren County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).

Regarding the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation, "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. at 691; *accord Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. at 694; *see Deaton v. Montgomery Cnty., Ohio*, 989 F.2d at 889 ("Congress did not intend § 1983 liability to attach where causation is absent."). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis*

*Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

### 1. *Mail Claims*

Plaintiff makes various allegations regarding his mail. First Amendment issues may be implicated when restrictions are placed upon an inmate's correspondence. *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). However, lawful incarceration legitimately requires the retraction or withdrawal of many rights and privileges. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Prisoners' First Amendment rights can be limited for legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Bell v. Wolfish*, 441 U.S. 520, 562 (1979). Outgoing mail may be regulated to "further an important or substantial governmental interest unrelated to the suppression of expression." *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).

Plaintiff alleges that mailroom staff go through his outgoing mail. In *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974), the Court stated that "freedom from censorship is not equivalent to freedom from inspection or perusal." Therein, the Court "implicitly approved the opening of non-privileged mail to inspect for contraband." *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). "Non-privileged inmate mail is clearly not immune to inspection, thus such inspections cannot give rise to civil rights violations." *Id.* (citing *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978); *Laaman v. Helgemoe*, 437 F. Supp. 269 (D.N.H. 1977); *Stover v. Carlson*, 413 F. Supp. 718

(D. Conn. 1976); *United States Ex Rel. Dean v. Johnson*, 381 F. Supp. 495 (E.D. Pa. 1974)); *see also Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (finding that prison regulations allowing all incoming or outgoing mail to be inspected for contraband and spot checked and read "do not impermissibly intrude on first amendment rights" and "cannot be the basis of a valid constitutional challenge"). As to the claim regarding mailroom staff going through outgoing mail, Plaintiff fails to state a constitutional violation.

Plaintiff also alleges that once he mailed an envelope home which contained a § 1983 complaint form. According to Plaintiff, when this envelope arrived at his home documents were mixed up and a form missing. Again, there is no indication that this piece of mail contained any markings or indication that it was anything more than non-privileged mail for which inspection is constitutionally permissible. Thus, the inspection of this piece of mail did not violate any constitutional provision.

Further, Plaintiff's right of access to the courts under the First Amendment also has not been violated. In order to state a claim for interference with access to the courts, Plaintiff must show actual injury. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing"). " Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)). "An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff states that the case related to the opened envelope is presently pending in the

Western District of Kentucky. He fails to set forth any injury that resulted from the opening of this piece of mail. Thus, Plaintiff fails to state a violation of his right of access to the courts.

Plaintiff also alleges that the mailroom returns mail. He states that on one occasion his mail was sent back "to New York and other Important mail with out Me Viewing it or Signing the Income Mail Log." Random and isolated incidents regarding prisoner mail do not rise to the level of a constitutional violation. *See, e.g.*, *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 WL 52360, at *5 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level."), *aff'd*, 88 F. App'x 639 (4th Cir. 2004).

Not only does Plaintiff fail to state harm caused by a constitutional violation, Plaintiff fails to allege a link between a municipal policy or custom and any alleged harm. Plaintiff has not alleged that a municipal policy or custom is responsible for any harm to him. As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Warren County, the complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 claim.

Accordingly, the First Amendment official-capacity claims regarding Plaintiff's mail will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 2. *Claims About Notarized Documents and Money in Plaintiff's Account*

As discussed previously, Plaintiff makes claims against Defendants Sanders and Casey that fail to implicate any constitutional violation. Plaintiff alleges that Defendant Sanders spilled coffee on a document he notarized for Plaintiff and when Plaintiff complained about this, Defendant Sanders allegedly told Plaintiff to re-write the document. As to Defendant Causey, Plaintiff alleges she informed him at some point that he had no money in his account. Further, he alleges that after money was sent to his account, Defendant Causey told him she did not have enough staff to run around for him.

Not only has Plaintiff failed to state harm caused by a constitutional violation as to these claims, Plaintiff does not allege that they occurred as a result of any municipal policy or custom. There is no allegation that a policy or custom of Warren County was the moving force causing the alleged violations.

Therefore, these official-capacity claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 3. *Confiscation of Legal Materials*

Plaintiff alleges that during cell searches guards can take legal mail if it is handwritten and has pictures. He further states, "The Guards Have no documents in Hand describing what we are over the limit of so they take our mail and property and throw away." Thus, Plaintiff makes two seemingly contradictory statements regarding the removal of legal mail from prison cells during searches.

If Plaintiff is alleging the confiscation of the legal materials was not pursuant to a municipal policy or custom, his claim fails. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not

state a claim cognizable under the Fourteenth Amendment's Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. Similarly, the Sixth Circuit has stated, "in section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Victory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. at 539 (O'Connor, J., concurring).

As explained by Justice O'Connor,

[A] mere allegation of property deprivation does not by itself state a constitutional claim under either [the Due Process or Takings] Clause. The Constitution requires the Government, if it deprives people of their property, to provide due process of law and to make just compensation for any takings. The due process requirement means that Government must provide to the inmate the remedies it promised would be available. Concomitantly, the just compensation requirement means that the remedies made available must adequately compensate for any takings that have occurred. Thus, in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate. When adequate remedies are provided and followed, no uncompensated taking or deprivation of property without due process can result.

*Id.* (citations omitted). Plaintiff has failed to demonstrate an inadequacy of state remedies in the case at bar.

If, however, Plaintiff is alleging the confiscation of the legal materials was done pursuant to a municipal policy or custom, the adequacy of post-deprivation state remedies would not bar such a claim. "The rule of *Parratt* and *Vicory* is clearly inapplicable 'where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized conduct.'" *Watts v. Burkhart*, 854 F.2d 839, 843 (6th Cir. 1988).

The Court need not determine whether Plaintiff is or is not alleging the confiscation occurred as a result of a municipal policy or custom. Although Plaintiff makes the statements about confiscation of legal materials during cell searches, he does not state any of *his* legal materials were confiscated. Having failed to allege any injury, Plaintiff fails to allege any constitutional violation.

Therefore, the Fifth and Fourteenth Amendment official-capacity claims for confiscation of legal papers will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 4. *Claims Regarding Destruction of Photographs*

Plaintiff alleges that "they've" destroyed pictures obtained from his incoming mail. He states that other jails let inmates decide what property to throw out. Reading this allegation in the light most favorable to Plaintiff, as this Court must, Plaintiff's allegations can be construed as alleging that some photos belonging to Plaintiff were destroyed pursuant to a municipal custom or policy.

Upon review, the Court will allow the official-capacity claim against Warren County for monetary damages alleging that Plaintiff's photos contained in a piece of incoming mail were destroyed pursuant to a municipal policy or custom to proceed.

### C. Claims for Declaratory and Injunctive Relief

In this action, Plaintiff purportedly seeks injunctive and declaratory relief. The incidents about which he complains occurred at WCRJ. Plaintiff is no longer incarcerated at WCRJ, but indicates he is now incarcerated at LLCC. Since Plaintiff is no longer incarcerated at the WCRJ, his requests for declaratory and injunctive relief are moot. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

Therefore, the official-capacity claims for injunctive and declaratory relief will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claim for monetary damages alleging that Plaintiff's photos contained in a piece of incoming mail were destroyed pursuant to a municipal policy or custom shall proceed beyond § 1915A initial review.

**IT IS FURTHER ORDERED** as follows:

(1) all of the individual-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) the official-capacity claims regarding Plaintiff's mail, notarized document, money in his account, and confiscation of legal materials are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(3) the claims for injunctive and declaratory relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

13

The Court will enter a separate Scheduling Order governing the development of the continuing claim. In permitting this claim to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date: March 5, 2014

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
       Warren County Attorney
4414.003